# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11-cv-00340-MR
# (Criminal Case No. 1:08-cr-00104-MR-1)

| | |
|---|---|
| MARCUS ROOSEVELT CANSLER, ) ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) ) Respondent. ) _____ ) | **MEMORDANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1], and the Government's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 6]. Petitioner seeks relief from his sentence on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

In its Response, the Government moves this Court to dismiss Petitioner's motion on the basis that the petition is untimely and because Petitioner waived his right to bring this challenge in his plea agreement.

## PROCEDURAL HISTORY

Petitioner was indicted by the Grand Jury for the Western District of North Carolina on October 8, 2008, and charged with two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:08-cr-00104, Doc. 5: Indictment]. On October 30, 2008, Petitioner pled guilty, pursuant to a written plea agreement, to Count Two of the indictment. [Id., Doc. 9: Plea Agreement; Doc. 10: Acceptance and Entry of Guilty Plea]. According to the terms of the plea agreement, Petitioner agreed to waive all rights to challenge his conviction and sentence, including the right to assert a collateral attack, except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Id., Doc. 9 at ¶ 18].

Before sentencing, the probation officer prepared a presentence report, which summarized Petitioner's criminal history, including his prior felony convictions. [Id., Doc. 11 at 7-10: PSR]. Specifically, the probation officer reported six prior felony convictions from North Carolina Superior Court, including (1) felony attempted larceny, for which Petitioner received a six to eight month suspended sentence; (2) felony breaking and entering, for which Petitioner received an eight to ten month suspended sentence; (3) felony sale and delivery of marijuana, for which Petitioner received an

eight to ten month sentence; (4) felony breaking and entering of a motor vehicle, for which Petitioner received an eight to ten month sentence; (5) felony larceny, for which Petitioner received an eleven to fourteen month sentence; and (6) felony failure to appear, which was consolidated for sentencing with another offense. [Id.]. The probation officer calculated a base offense level of thirty and a criminal history category of VI, resulting in a guidelines range of imprisonment of 168 to 210 months. [Id. at 15]. Because the statutory maximum for Petitioner's Section 922(g)(1) conviction was ten years, however, the guidelines term of imprisonment was 120 months. [Id.].

At sentencing, this Court adopted the presentence report and sentenced Petitioner to 120 months. [Id., Doc. 15: Judgment]. Judgment was entered June 2, 2009, and Petitioner did not appeal. On December 15, 2011, Petitioner placed the instant motion to vacate in the prison mail system for filing, and it was stamp-filed in this Court on December 27, 2011. [Doc. 1 at 5-6]. In the motion to vacate, Petitioner contends that his Section 922(g)(1) conviction is now invalid in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On November 1, 2012, the Government filed the pending motion to dismiss. [Doc. 6]. On November 6, 2012, the Court entered an Order

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), giving Petitioner sixty days in which to respond to the Government's Motion to Dismiss. [Doc. 7]. On March 6, 2013, the Court granted a motion to withdraw as counsel, filed by the Federal Defender of Western North Carolina. [Doc. 10]. In the Order, the Court gave Petitioner an additional thirty days in which to file a Response to the Government's Motion to Dismiss. Petitioner did not file a Response.

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year

statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Ordinarily, a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Here, Petitioner's judgment became final when his right to a direct appeal expired, or fourteen days after the entry of final judgment on June 2, 2009. See Clay v. United States, 537 U.S. 522, 530 (2003). Because Petitioner filed his motion to vacate more than two and a half

years later, his motion is untimely under Section 2255(f)(1). Petitioner's motion also does not meet any of the exceptions to the ordinary one-year statute of limitations set forth in Section 2255(f). The Court will, therefore, dismiss the petition as untimely.

Petitioner's motion will also be dismissed because he explicitly waived his right to challenge his sentence in a post-conviction proceeding in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he. The Rule 11 colloquy establishes that Petitioner pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a Section 2255 post-conviction proceeding. Petitioner has not presented either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct in his petition. Accordingly, neither of the exceptions to Petitioner's waiver applies, and his motion is subject to dismissal for this additional reason.

Finally, even if Petitioner had filed a timely motion and not waived his right to collaterally attack his conviction, he would nevertheless not be entitled to relief under Simmons. Section 922(g)(1) prohibits the possession of a firearm by any person who has been convicted of a felony, defined as "a crime punishable for a term exceeding one year." 18 U.S.C. § 922(g)(1). Interpreting nearly identical language, the Fourth Circuit held in Simmons, that an offense is considered a felony only if the defendant could have received a sentence of more than one year in prison. In so doing, the Fourth Circuit overturned its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which it had held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Simmons, 649 F.3d at 247. Thus, for purposes of a qualifying predicate conviction under Section 922(g)(1), a predicate conviction is not "punishable for a term exceeding one year," unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

Petitioner's Section 922(g)(1) conviction is valid because he had a qualifying predicate conviction when he committed the offense. That is, on

7

September 8, 2005, Petitioner pled guilty to felony larceny in North Carolina Superior Court and received a suspended sentence of eleven to fourteen months. [Id., Doc. 11 at ¶ 40]. As such, Petitioner had a prior conviction for which he could, and in fact did, receive a sentence in excess of a year. Therefore, even if Petitioner had not filed an untimely petition or waived his right to collaterally attack his conviction, his motion nevertheless fails on the merits of his claim.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 6] is **GRANTED**, and Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE** as untimely.

**IT IS SO ORDERED.** Signed: October 28, 2013

Martin Reidinger
United States District Judge